# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 246 | **DATE** | 1/28/2008 |
| **CASE TITLE** | United States vs. Elijah Baptist | | |

**DOCKET ENTRY TEXT**

Movant Elijah Baptist's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] is denied. Civil case terminated.

■[ For further details see text below.]     Notices mailed.

## STATEMENT

    On January 11, 2008, movant Elijah Baptist ("Baptist") filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt. No. 1.) Baptist's motion was filed on a standard form titled "Motion Under 28 U.S.C. Section 2255."

    Under § 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In this case, Baptist was not sentenced by this court or any other federal court. Rather, Baptist challenges his parole on a sentence imposed by Judge Earl Strayhorn of the Cook County Criminal Court. Specifically, Baptist argues that he is being denied "goodtime" credit towards the reduction of his parole. (Dkt. No. 1 ¶ 14.) Baptist also argues that he is being kept on parole in retaliation for filing a civil complaint for wrongful incarceration in case number 05 C 768. (*Id.*) Because Baptist does not have a cause of action under § 2255, his motion is denied.

    The court further notes that, on April 12, 1991, this court denied a 28 U.S.C. § 2254 petition by Baptist for a writ of habeas corpus, because it was successive under Rule 9 of the Rules Governing Section 2254 Cases. (91 C 111, Dkt. No. 10.) Even if the court were to consider Baptist's current motion to be a petition for a writ of habeas corpus under § 2254, it would be denied because Baptist has not obtained an order from the United States Court of Appeals authorizing this court to consider his petition.

    Additionally, the court notes that Baptist's 2005 civil lawsuit (05 C 768), which was assigned to Judge Shadur and sought relief against the Illinois Department of Corrections for "illegally increasing length of parole," among other things, was dismissed with prejudice on January 18, 2008 after the entry of a stipulation of dismissal. (Dkt. Nos. 75, 77.) Baptist is precluded from further litigating these claims.